The opinion of the Court was delivered by
Johnston, Ch.
This is an appeal from a decree delivered by Chancellor Dunkin, at Edgefield.
The portion of the decree from which the appeal is made relates to the will of Allen Anderson, junior, executed in September, 1844 ; the material clauses of which are as follows :
“ First. I give, &c., to my beloved mother, Mary Anderson, during her life, all my property, both real and personal,” &e.
“ Secondly. I give to my nephew, Robert H. Anderson (son of George Anderson), at the death of my said mother, all the lands which I now own in the State and district aforesaid,” (Edgefield district,) “and one-half of all the balance of my estate.”
“ Thirdly. I give the remaining half of my said estate to the five children, hereinafter named, of my deceased brother, *125 James Anderson, viz: Indiana, Louisiana, Andrew, James A. and Ignatius Anderson.”
£dp “ Fourthly. It is my will, if Robert H. Anderson should die without a lawful child, that his legacy, both real and personal, shall go to the above named five children of James Anderson, viz: Indiana, Louisiana, Andrew, James A. and Ignatius Anderson, or the survivor or survivors of them, or their lawful children, if any they may have.”
Robert H. died, an infant, and never having had issue, in September, 1849; then the testator died in May, 1850; and lastly, Mary, testator’s mother and devisee for life, died in February, 1851.
In a contest whether the death of Robert lapsed his interests under the will, so as to prejudice and destroy the limitations of of those interests over to the five children of James, the "Chancellor decreed the affirmative of that proposition; and adjudged that the property covered by so much of the will as related to the subject became intestate and distributable.
From this judgment an appeal was taken on various grounds, all of which were abandoned and struck out by counsel, except a single one, which maintains that the lapse occasioned .by the death of Robert, in the lifetime of the testator, does not affect the limitation over.
We are all of opinion that the proposition maintained in the decree, and just stated, is untenable, and that if the limitation over is free from other objections than lapse, it must prevail.
Upon general principles it would seem that where a testator gives property in succession to two persons, .there is evidence of such a state of his affections as would warrant the inference of an intention on his part, that the secondary object of his bounty would have induced a direct gift to him if the primary object had never existed, or were out of the way. The difference made between them exhibits a mere preference of the one over the other: but both are preferred over the heirs or distributees ; otherwise there is no motive to make the will.
*126 Before proceeding further in this opinion, it may be proper to state that when an estate granted out is coupled with a condition upon which it is to cease (not to go over, but merely to cease and determine,) this is always regarded as a mere condition. If the condition be not performed, in a case where the devisee is required to be active, — (as where the condition is an act to be performed by him,) — though his estate is liable to forfeiture, yet no one can take advantage of his omission but the heir; and it he be himself the heir, he may elect not to enter and terminate his estate under the devise. And though he be not the heir, yet if he forfeit the estate, so that the heir might entei, Equity will interpose to protect him, if compensation can be made to the party entitled to the performance of the condition. Not so, however, if there be a limitation over: not even if the condition be expressly stated as a condition, instead of an exe-cutory devise. In such case, if the condition be not performed, it is always treated as a conditional limitation; differing in no essential from an executory devise. See 1 Pow. on Devises by Jarman 112 (*193) note 4; and id. 114 (*196) and notes 7 and8.
In note 8 above referred to, taking notice of the case of Avelyn vs. Ward (1 Ves. Sen. 420), it is observed, “This case furnishes an instance of a rule of construction, applicable to conditional limitations, of extreme importance. It is this: That although the estate, — on the conditional determination of which the executory limitation is limited to take effect, — never arises, and, therefore, in strictness, the contingency does not happen; yets uch limitation over will, nevertheless, take place, — the first estate being considered only as a preceding limitation, and not a precedent condition.”
In Avelyn vs. Ward the testator devised his real estate to liis brother B. and his heirs, upon the express condition that within three months after his decease, he should execute and deliver a general release to his trustee; and if his brother should neglect to. give such release, — then he devised the estate to C. in fee. B. died before the testator. It was, therefore, contended that the devise over did not take effect, as it was a strict condition, *127 and before any breach could happen the estate must first vest in B. But Lord Hardwicke regarded it in the light of a conditional limitation, not a mere condition, and supported the limitation over. He said he knew of no case “ of remainder, or conditional limitation over of a real estate, whether by way of particular estate, so as to leave a proper remainder, or to defeat an absolute fee before by a conditional limitation, — but, if the precedent limitation, by what means soever, is out of the case, the subsequent limitation takes effect.”
In the commentator before referred to (1 Pow. on Dev. by Jarman, 114, 115, 116, 117, 118, 119, (T96-204,) note 8, the cases are well collected and commented on: and the commentator deduces these conclusions:
1. Wherever an executory limitation is founded on the failure of the preceding devisee to do certain acts after the testator’s death, it will not be defeated by the death of such preceding devisee in the testator’s lifetime.
2. Where an estate is limited to a person, though not in esse, and limited over in case he omit to do certain acts, or in the event of his dying under 21, or without issue, the devise over will take effect, though the preceding devisee never came into existence.
3. It is not universally true, as laid down by Lord Hadwicke, in Avelyn vs. Ward, that “if the precedent limitation, by what means soever, is out of thefquestion, the subsequent limitation takes place: for if the events upon which the estate is to shift from the first devisee, be such as may happen as well in testator’s lifetime as afterwards, and the first devise lapse by the first devisee’s death, in the devisor’s lifetime, — under circumstances which, had they happened after the testator’s decease, would have vested the property inthe first devisee, to the exclusion of the executory or substituted devisee, — it is clear (such is the opinion of the annotator) that such executory limitation is defeated, — though the precedent limitation is “ out of the case.”
See also those cases where the first bequest is made on condition to promote a special purpose, and given over only on *128 condition that that purpose is not effected, and the first de-visee effects the object or purpose and then dies in the lifetime of the testator: though his legacy lapses, it shall not. go over, the ulterior limitation being prevented from taking effect by the very terms on which it was granted, (a)
But the truth of the proposition on which the appellants depend in this case, is too clear to require further discussion.
This does not, however, terminate the case. It has occurred to some of the Judges that the limitation over, though not affected by lapse, may be too remote. That question has been accordingly argued here ; and the Court being divided in opinion on it, it is ordered that it be sent to the Court of Errors. Let the case, therefore, be docketed in that Court, for the determination of that question.
Dunkin, Dargan and Wardlaw, CC., concurred.

 1 Rop. Leg, Ch. 8, Sec. 3, p. p. 327, 329.